UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| SCOTT D. KEITH, | * | CIV. 06-4009 |
| Plaintiff, | * | |
| vs. | * | ORDER ALLOWING PLAINTIFF 30 DAYS TO AMEND |
| MINNEHAHA COUNTY, SOUTH DAKOTA; MOODY COUNTY, SOUTH DAKOTA, | * | |
| Defendants. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, an inmate at the Minnehaha County Jail in Sioux Falls, South Dakota, brought this action. While he does not say so, it is presumed the action is pursuant to 42 U.S.C. § 1983. Plaintiff's Motion to Proceed In Forma Pauperis was granted on January 31, 2006 (Doc. 6). The Court has, as it must, "screened" this case pursuant to 28 U.S.C. § 1915(e)(2) and 1915A(b)(1) & (2). For the reasons stated below Plaintiff is allowed thirty (30) days to amend his complaint. Otherwise his Complaint will be recommended for dismissal without prejudice for failure to state a claim upon which relief may be granted. His amended complaint will be re-screened.

## BACKGROUND

Plaintiff filed his complaint naming Moody County and Minnehaha County as defendants (Doc. 1). He alleges he was injured on the job on December 10th and that he was sentenced on December 13th. The day after he was sentenced he was taken to see Dr. Suga, an orthopedic doctor. The same day he was taken to the emergency room. He was then returned to jail. He claims there has been no follow up appointment with Dr. Suga for an MRI and he is not receiving prescriptions. For relief he requests the county to provide medical care with Dr. Suga, together a monetary settlement.

## ANALYSIS

An action may be dismissed for failure to state a claim upon which relief may be granted only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The Court must assume as true all facts well pleaded in the complaint. Estate of Rosenberg by Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Also, "although liberally construed, a pro se complaint must contain specific facts supporting its conclusions." Allen v. Purkett, 5 F.3d 1151, 1153 (8th Cir. 1993)(citations omitted) cert. den., 513 U.S. 829, 115 S.Ct. 100, 130 L.Ed.2d 49 (1994). If it does not, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985).

Liberally construed, Plaintiff's Complaint alleges a violation of the Eighth Amendment, brought pursuant to § 1983. The Eighth Amendment prohibits the infliction of cruel and unusual punishment. A prisoner's allegation of inadequate medical attention was recognized as a potentially viable claim for a violation of the prohibition against cruel and unusual punishment, via a § 1983 cause of action, in Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). To state a cause of action, the prisoner must sufficiently allege "deliberate indifference" to a prisoner's "serious illness or injury." Id., 429 U.S. at 105, 97 S.Ct. at 291. "This conclusion does not mean, however, that every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Id.

With regard to the "deliberate indifference" requirement, the courts have made clear that mere negligence or medical malpractice is not enough. Id., 497 U.S. at 107, 97 S.Ct. at 293. Likewise, a mere disagreement with a physician's treatment decisions does not rise to the level of

an Eighth Amendment violation. Id., 429 U.S. at 105-06, 97 S.Ct. at 291-92; Randall v. Wyrick, 642 F.2d 304, 308 (8th Cir. 1981). To prevail on a claim of deliberate indifference, a plaintiff must prove: (1) he suffered objectively serious medical needs and; (2) the prison officials actually knew but deliberately disregarded those needs. Coleman v. Rahija, 114 F.3d 778, 784 (8th Cir. 1997). To show deliberate indifference, the plaintiff must show prison officials "knew of, yet disregarded, an *excessive* risk to [his] health." Logan v. Clarke, 119 F.3d 647, 649 (8th Cir. 1997)(emphasis added, citations omitted).

Even *deliberate* indifference to some medical needs, however, does not result in a violation of the Eighth Amendment right to be free from cruel and unusual punishment. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" Dulany v. Carnahan, 132 F.3d 1234, 1239 (8th Cir. 1997) (citations omitted). A "serious" medical need has been described as "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention" (Camberos v. Branstad, 73 F.3d 174, 176 (8th Cir. 1995)) and as "a condition of urgency, one that may produce death, degeneration, or extreme pain." Hathaway v. Coughlin, 37 F.3d 63, 66, 67 (2nd Cir. 1994), cert. den. 513 U.S. 1154, 115 S.Ct. 1108, 130 L.Ed.2d 1074 (1995). Also, "only those deprivations denying the minimal civilized measures of life's 'necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Sieter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991) (citations omitted).

Plaintiff has not identified his injury or injuries. He has not alleged that any doctor scheduled a follow up appointment or treatment. He has not alleged that a doctor gave him a prescription for medication. He has not alleged that a doctor prescribed a course of treatment. He has not alleged that any individual has deliberately disregarded or interfered with a doctor ordered course of treatment.

3

Additionally, § 1983 claims may only be brought against "persons" who, under color of state law, subject others to the deprivation of rights, privileges or immunities secured by the Constitution and laws of the United States. A state and its agencies sued for monetary relief are not "persons" for purposes of § 1983. Will v. Michigan Dept. of State Police, 491 U.S. 58, 64 & 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Moody County and Minnehaha County are not proper defendants against whom a money judgment can be obtained.

## THE PRISON LITIGATION REFORM ACT

If Plaintiff's suit is ultimately allowed to proceed and he prevails on the merits, he may recover the filing fee. Both the legislative history and the case law interpreting the Prison Litigation Reform Act, however, instruct that unsuccessful prison litigants, like any other litigants, do not get their filing fees back if their cases are dismissed. That Plaintiff's case might eventually be dismissed pursuant to the screening procedures of § 1915 does not negate his obligation to pay the fee. In Re: Prison Litigation Reform Act, 105 F.3d 1131, 1134 (6th Cir. 1997). The obligation to pay a filing fee accrues the moment a plaintiff files his Complaint with the Court, and it cannot be avoided merely because the case is eventually dismissed as frivolous. Anderson v. Sundquist, 1 F.Supp.2d 828, 830 n. 5 (W.D. Tenn. 1998). One of the purposes of the Prison Litigation Reform Act is to

> require the prisoners to pay a very small share of the large burden they place on the Federal judicial system by paying a small filing fee upon commencement of lawsuits. In doing so, the provision will deter frivolous inmate lawsuits. The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively. Prisoners will have to make the same decision that law abiding Americans must make: Is the lawsuit worth the price?

Roller v. Gunn, 107 F.3d 227, 231 (4th Cir. 1997) (quoting 141 Cong. Rec. at S7526 (May 25, 1995) cert. den., 522 U.S. 874, 118 S.Ct. 192, 139 L.Ed.2d 130 (1997). See also In Re: Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) (prisoner will be assessed full filing fee even if his case is dismissed because "the PRLA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal.")

The court takes judicial notice of the fact that Plaintiff has filed yet another lawsuit. <u>See</u> CIV. 06-4027. In addition to the above, Plaintiff is advised of 28 U.S.C. § 1915(g) which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Currently, by filing the two complaints (CIV. 06-4009 and 06-4027), Plaintiff is obligated to pay a total of $500 in filing fees.

### ORDER

Based on the above, it is hereby

ORDERED that Plaintiff is allowed until March 10, 2006, to amend his complaint to identify an appropriate defendant or defendants whom have been deliberately indifferent to his serious medical needs and correct the other deficiencies described above. If Plaintiff fails to timely file an amended complaint, it will be recommended that his complaint should be dismissed for failure to state a claim upon which relief can be granted. Plaintiff's amended complaint will be re-screened as is required by 28 U.S.C. § 1915(e)(2) and 1915A(b)(1) & (2).

Dated this 7th day of February, 2006.

BY THE COURT:

John E. Simko
United States Magistrate Judge

ATTEST:
JOSEPH HAAS, CLERK

By: _____, Deputy