

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| SCOTT D. KEITH, | * | CIV. 06-4009 |
| Plaintiff, | * | |
| vs. | * | |
| | * | |
| JERRY HOFFMAN, Moody County Sheriff; | * | MEMORANDUM OPINION |
| AL PENNING, Minnehaha County Jail; TIM | * | AND ORDER |
| DEVLIN, Warden, Minnehaha County Jail; | * | |
| JOHN COREY, Minnehaha County Jail, | * | |
| MINNEHAHA COUNTY and MOODY | * | |
| COUNTY, | * | |
| Defendants. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Plaintiff, Scott D. Keith, filed a pro se complaint under 42 U.S.C. § 1983 claiming that officials at the Moody County and Minnehaha County jails had failed to provide medical treatment. In his original complaint Plaintiff stated his claim as follows:

> Injured on Job Dec 10th. Dec. 13th sentenced. Dec. 14th taken to Orthopedic Institute Dr. Suga. Dec 14th Taken to Avera Emergency Room Refered(sic) to physician at ER. Returned to Jail no follow up Appt. with Doctor's Dr. Suga for MRI and Emergency Room Referal (sic). No prescriptions.

Plaintiff's request for relief included requiring "County" to provide medical care and a monetary settlement. Plaintiff then filed a motion to order immediate health care. Doc.8.

United States Magistrate Judge John Simko ordered Plaintiff to amend his complaint to or have the complaint dismissed for failure to state a claim upon which relief can be granted. Doc. 9. Judge Simko explained:

> Plaintiff has not identified his injury or injuries. He has not alleged that any doctor scheduled a follow up appointment or treatment. He has not alleged that a doctor gave him a prescription for medication. He has not alleged that a doctor prescribed a course of treatment. He has not alleged that any individual has deliberately disregarded or interfered with a doctor ordered course of treatment.

Plaintiff then filed a more detailed amended complaint. Doc. 14. The Amended Complaint references treatment by Dr. Suga at a date later than the date of the motion to order immediate health care. In addition, the Prayer for relief in the Amended complaint requests only monetary relief. The

Court will therefore deny as moot the motion to order immediate health care.

After the Amended Complaint was served upon Defendants and Defendants answered the Amended Complaint, Defendants had Plaintiff personally served with a Subpoena to appear at the Moody County Courthouse on June 13, 2006, for the taking of his deposition. Doc. 29. Plaintiff failed to appear at the Moody County Courthouse at the scheduled time. Defendants then moved this Court for an Order of Dismissal for failure to appear for the Deposition. Doc. 30 and 31. One of the motions to dismiss was mailed to Plaintiff at his address in Egan, South Dakota. Doc. 32. The other motion to dismiss was served upon Plaintiff by the Moody County Sheriff's office. Doc. 33. Plaintiff has not responded to the motions to dismiss.

Federal Rule of Civil Procedure 37(d) allows a district court to impose a number of sanctions, including dismissal of an action, if a party fails to appear for his deposition. *See Aziz v. Wright*, 34 F.3d 587, 589 (8th Cir. 1994). In order to avoid having this action dismissed with prejudice, Plaintiff must within 15 days of this Order contact counsel for Defendants and arrange for a new date and time for the taking of his deposition, arrange for payment of the expenses incurred by the Defendants for Plaintiff's failure to appear at the June 13, 2006, scheduled deposition, and file with the Clerk a statement verifying that he has made such arrangements with counsel for Defendants. Accordingly,

**IT IS ORDERED:**

1. That the Clerk mail a copy of this Order to Plaintiff at the address Plaintiff provided the Clerk and the address set forth in the Certificate of Service in Docket Entry 32;
2. That within 15 days of the date of this Order, Plaintiff must contact counsel for Defendants and arrange for a new date and time for the taking of his deposition and arrange for payment of the expenses incurred by the Defendants for Plaintiff's failure to appear at the June 13, 2006, scheduled deposition, and file with the Clerk a statement verifying that he has made such arrangements with counsel for Defendants, or this action will be dismissed with prejudice; and
3. That the motion to order immediate health care (Doc. 8) is denied as moot.

Dated this 21st day of September, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: *[signature]*