

F  )
MAY - 4 2007
CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| SCOTT D. KEITH, | \* | CIV. 06-4009 |
| Plaintiff, | \* | |
| vs. | \* | |
| JERRY HOFFMAN, Moody County Sheriff; AL PENNING, Minnehaha County Jail; TIM DEVLIN, Warden, Minnehaha County Jail; JOHN COREY, Minnehaha County Jail, MINNEHAHA COUNTY and MOODY COUNTY, | \* | MEMORANDUM OPINION AND ORDER OF DISMISSAL |
| Defendants. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff, Scott D. Keith, filed a pro se complaint and amended complaint under 42 U.S.C. § 1983 claiming that officials at the Moody County and Minnehaha County jails had failed to provide him medical treatment. After Defendants answered the Amended Complaint, Defendants had Plaintiff personally served with a Subpoena to appear at the Moody County Courthouse on June 13, 2006, for the taking of his deposition. Doc. 29. Plaintiff failed to appear at the Moody County Courthouse at the scheduled time. Defendants then moved this Court for an Order of Dismissal for failure to appear for the Deposition. Doc. 30 and 31. Plaintiff did not responded to the motions to dismiss.

After Defendants' first motion to dismiss, this Court entered a Memorandum Opinion and Order on September 21, 2006, (Doc. 34) in which this Court ordered Plaintiff to take the following action:

> That within 15 days of the date of this Order, Plaintiff must contact counsel for Defendants and arrange for a new date and time for the taking of his deposition and arrange for payment of the expenses incurred by the Defendants for Plaintiff's failure to appear at the June 13, 2006, scheduled deposition, and file with the Clerk a statement verifying that he has made such arrangements with counsel for Defendants,

or this action will be dismissed with prejudice . . . .

On October 10, 2006, Plaintiff filed a Statement verifying that arrangements had been made with Defendants' counsel for Plaintiff to appear at a deposition. (Doc.36). This Statement contained no reference to arrangements for payment of costs incurred by Defendants stemming from Plaintiff's failure to attend the June 13, 2006 deposition. On October 10, 2006, the same date that the Statement was filed, Plaintiff appeared at his rescheduled deposition. When asked at his deposition what arrangements he was going to make for the payment of expenses incurred by the Defendants in the first scheduled deposition, Plaintiff stated he could afford to make payments of ten dollars a month until he was further ahead in his trucking business. Plaintiff made no payments to Defendants, and on January 8 and January 10, 2007, Defendants moved for dismissal of Plaintiff's claims based on noncompliance with the this Court's Order of September 21, 2006.(Doc. 37, 39). After more than three months, Plaintiff has not yet filed a response to the most recent Motion to Dismiss.

Plaintiff has yet to comply with this Court's directive to file with the Clerk a statement verifying that he has made arrangements with counsel for Defendants for the cost of his first scheduled deposition. Although a response to the second Motion to Dismiss should have been filed within 20 days after service of the motion, *see* D.S.D. CIV.. LR 7.2, Plaintiff has yet to file a response to the second Motion to Dismiss. Although the Court is cognizant of and has considered Plaintiff's pro se status, this Court cannot conclude that Plaintiff's pro se status excuses Plaintiff from following the Court's directives or allows Plaintiff to simply ignore a motion to dismiss in his case. *See Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 807-08 (8th Cir.2002) (affirming district court's denial of relief from judgment when moving party offered only his pro se status as ground for his failure to respond to summary judgment motion);*Carman v. Treat*, 7 F.3d 1379, 1381 (8th Cir.1993) (pro se status does not entitle party to disregard Federal Rules of Civil Procedure). As the Eighth Circuit Court of Appeals has stated, "Even pro se litigants must comply with court rules and directives." *Soliman v. Johanns*, 412 F.3d 920, 922 (8th Cir. 2005)(citing *Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir.1983) (per curiam). Accordingly,

> IT IS ORDERED that Defendants' Motion for Dismissal of Plaintiff's Claims (Doc. 37, 39) is granted and Plaintiff's complaint and amended complaint are dismissed with prejudice.

2

Dated this 4th day of May, 2007.

BY THE COURT:

*[signature]*
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: *[signature]*
  Deputy

3